UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 09-20223

vs.                                    District Judge Victoria A. Roberts

                                         Magistrate Judge R. Steven Whalen

ALAN SILBER,

        Defendant.
                                    /

**OPINION AND ORDER**

Before the Court is Defendant's Motion for Early Release of All Jencks Material [Docket #109]. For the reasons discussed below, the Motion will be DENIED.

**I.    BACKGROUND**

This is a Medicare fraud case. Trial is scheduled for March 22, 2010. On March 3, 2009, the government filed a notice of intent to use Dr. Raymond Yung as an expert witness [Docket #59]. Attached to the notice is a letter from the government to Dr. Yung, outlining what his testimony is expected to be.

The Defendant requests early disclosure of any written statements of Dr. Yung that would fall within the scope of the Jencks Act, 18 U.S.C. §3500, or that would constitute exculpatory evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. Defendant also seeks early disclosure of all Jencks and *Brady* material as to all government witnesses who will testify at trial.

The government has indicated that although it has turned over to the defense a number of F.B.I. 302 reports and other discovery material, it will not disclose all Jencks material until March 19, 2010, three days before trial. The government also represents

that Dr. Yung has not made or adopted any statements that would be covered by the Jencks Act and that have not been produced.

## II. LEGAL PRINCIPLES

As I stated in *United States v. Hayes*, 376 F.Supp.2d 736, 738 (E.D. Mich. 2005), "the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Fed.R.Crim.P. 16; (2) the Jencks Act, 18 U.S.C. §3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir. 1988) (stating that in most criminal prosecutions, these three rules 'exhaust the universe of discovery to which the defendant is entitled')." Indeed, the Supreme Court has stated that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one...." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

The Jencks Act "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). However, the defendant has a right to production of such statements only after the witness has testified on direct examination. 18 U.S.C. §3500(a).

*Brady v. Maryland, supra*, holds that the government violates due process when it fails to disclose evidence favorable to the accused in a criminal case, if the evidence is material to guilt or sentencing. *Id.*, 373 U.S. at 87. The *Brady* rule extends to evidence which could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In *United States v. Presser, supra*, 844 F.2d at 1283, the Sixth Circuit held that *Brady* material must be

disclosed "in time for its effective use at trial."

### III.  DISCUSSION

In *United States v. Hayes, supra*, I held that the Court has the inherent authority to order the early release of "'nonexculpatory impeachment material covered by *Brady* and not covered by the Jencks Act[.]'" *Id*. at 740 (quoting *United States v. Hart*, 760 F.Supp. 653, 655 (E.D. Mich. 1991)). *See also United States v. Starusko*, 729 F.2d 256, 261 (3rd Cir. 1984) ("[a] district court has general authority to order pretrial disclosure of *Brady* material to ensure the effective administration of the criminal justice system").

In *Hayes*, the defendant was charged with being a felon in possession of a firearm, 18 U.S.C. §922(g). The only witness who linked him to possession of the gun was a police officer who himself had been indicted for conspiracy to violate civil rights and a number of other charges related to the alleged falsification of police reports and planting of evidence. The defendant sought early pretrial disclosure of information related to the officer's prosecution, arguing that it was impeachment material under *Giglio*. I ordered disclosure because the officer was the *only* witness who linked the defendant to the gun, and thus the impeachment information was highly material. I noted that the officer was "the centerpiece of the prosecution," and that "even from a pretrial perspective, it is obvious...that the evidence which relates to the government's investigation and prosecution of [the officer] is material and discoverable under *Brady* and *Giglio*." *Hayes*, 376 F.Supp.2d at 741.

By contrast, Dr. Yung, while important to the government's case, is not the *only* witness against the Defendant. Indeed, co-defendants have pled guilty and are expected to testify. Moreover, Defendant has at least a summary of what Dr. Yung is expected to say. Finally, unlike the situation in *Hayes*, the government states that it simply does not have

any information regarding Dr. Yung that would fall within the scope of *Brady* or *Giglio*.

Nor has it been shown that any of the other government witnesses are as critical to its case as was the officer in *Hayes*. The court in *Presser* instructed that any *Brady* or *Giglio* material be disclosed in time for its effective use at trial. To the extent that the government has impeachment material that does not fall within the Jencks Act, it is sufficient, under the facts of this case, that it be disclosed by March 19, 2010.

As to Jencks material, the statute, 18 U.S.C. §3500(a), is very clear that it need not be disclosed until the witness testifies at trial. The Defendant argues, correctly, that an act of Congress cannot supplant a constitutional protection as decreed by the Supreme Court. *See Dickerson v. United States*, 530 U.S. 428, 437-438, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) ("Congress may not legislatively supersede our decisions interpreting and applying the Constitution"). However, the Defendant has not cited, nor is this Court aware of any Supreme Court decision that has held the Jencks Act unconstitutional, or that requires, as a matter of constitutional law, that a witness' statements be disclosed before trial. On the other hand, "[t]he Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court has no discretion to require disclosure of Jencks Act material before a witness testifies." *United States v. Boykins*, 1990 WL 143559, *5 (6th Cir. 1990), *citing United States v. Algie,* 667 F.2d 569, 571 (6th Cir.1982). *See also United States v. Presser, supra*, 844 F.2d at 1283 ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the [Jencks] Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial"). *But see United States v. Milton*, 2007 WL 858344 (E.D. Wis. 2007)(rejecting defense request for disclosure of Jencks material 90 days before trial, but ordering it produced no later than the final pretrial conference in an extremely complex

case).

Therefore, pursuant to the Jencks Act, and under the facts of this case, I will not order production of the requested material earlier than March 19, 2010.[1] As a practical matter, of course, if the government delays disclosure, "the defendant upon request is entitled to a reasonable adjournment to examine the material and to prepare for cross-examination." *Boykins*, at *5.

## IV. CONCLUSION

The Defendant's motion [Docket #59] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 11, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2010.

s/Susan Jefferson
Case Manager

---

[1] While this result is dictated by the Jencks Act and Sixth Circuit precedent, I recognize that Jencks leaves open the possibility that the government will withhold early disclosure not for the protection of witnesses or the integrity of an investigation, but simply for strategic reasons, to disadvantage the defense. I do not suggest that has occurred in the present case. However, if Congress has any interest in amending the Jencks Act, it may want to examine the Michigan criminal discovery rules, specifically M.C.R. 6.201(A), which provides for mandatory disclosure of witness statements upon defense request. Criminal prosecutions in Michigan have not been stymied by this more liberal discovery rule.