UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff(s),          CASE NUMBER: 09-20223
                                              HONORABLE VICTORIA A. ROBERTS

v.

ALAN SILBER,

          Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

**I.    INTRODUCTION**

This matter is before the Court on Defendent Alan Silber's Motion for Bond Pending Appeal pursuant to the Bail Reform Act, 18 U.S.C. § 3143(b). The Government filed a Response on January 19, 2011. Because Silber's appeal does not present a substantial question of law or fact, his motion is **DENIED.**

**II.    BACKGROUND**

In April 2010, Silber was convicted on six counts of health care fraud, in violation of 18 U.S.C. § 1347 and 2. His conviction arose from his conduct at a medical clinic which operated to defraud Medicare, known as RDM Center ("RDM"). A jury concluded that from approximately December 2006 to March 2007, while Silber worked as a doctor at RDM, he committed healthcare fraud when he ordered rare medications (Acthar and Cortrosyn) and prescribed them to RDM "patients" paid to attend the clinic, who were Medicare beneficiaries. The medications were unnecessary, provided no medical benefit to the patients, and could have harmed them. The clinic would not have been

1

able to bill Medicare for the Acthar and Cortrosyn without Silber's provider number. In December 2010, the Court sentenced Silber to a 36 month term of imprisonment, a variance from Silber's 51 to 63 month Sentencing Guidelines range.

### III. LEGAL STANDARD

Before releasing a defendant on bond pending appeal, a district court is required to make two findings. *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). First, the court must find, by clear and convincing evidence, that the convicted person will not flee or pose a danger to the community. 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence without a term of imprisonment, or a sentence reduction to a term of imprisonment less than the time already severed plus the expected duration of the appeal process. *Id.* § 3143(b)(1)(B). In *Pollard*, the Sixth Circuit explained the meaning of a "substantial question." 778 F.2d at 1182. It said, "an appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* (citation and quotation marks omitted).

### IV. ARGUMENTS AND ANALYSIS

The Court and the Government agree with Silber that he is not a flight risk, that he does not pose a danger to the community, and that he does not appeal the convictions for the purpose of delay. This Court's determination then, turns on whether the appeal raises a substantial question.

Silber argues that his appeal raises a substantial question because the Court abused its discretion by excluding: (1) the testimony of Defendant's proffered expert witness, Jesse Vivian, that there are situations where it might be medically necessary to treat patients with the medications Silber prescribed; (2) evidence of Defendant's habits and practices regarding Medicare; and (3) a jury instruction on "good faith." The Government responds that the Court properly concluded that Vivian's testimony was unreliable and irrelevant because Vivian was not a licensed physician and had no experience with the medications prescribed. The Government notes that the Court observed that Vivian was not retained to offer opinions on medical necessity. The Government says that Silber's past involvement with Medicare was irrelevant and inadmissible under Fed. R. Evid. 404. Finally, the Government says that the good faith instruction was effectively bundled into the willingness instruction that the Court gave. It says that the appeal, therefore, does not raise a substantial question.

The Court agrees with the Government that Silber's appeal does not present a close question "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* (citation and quotation marks omitted). The admissibility of Vivian's "expert testimony" is not a close question in the Court's view; the evidence clearly did not meet the criteria set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) for the reasons stated on the record. (See 3/31/10 Tr. 7-18).

Moreover, even assuming error, the Court cannot say that a decision in Silber's favor on this issue is likely to result in reversal of the conviction or a new trial, in light of the substantial evidence of Silber's guilt. Silber's counsel stated that Vivian would

3

testify not about the medical necessity of the use of Acthar and Cortrosyn on Silber's patients–indeed he could not do so because, among other reasons, he did not review their charts–but about whether a physician "can make a decision about off-label use of a drug for a particular circumstance." (*Id.* at 13). The Court noted that this question was of little relevance to the medical necessity of prescribing Acthar and Cortrosyn, medications Vivian had "virtually no experience with." (*Id.* at 17). Finally, the Court permitted defense counsel to make the points he sought to elicit through Vivian. Thus, any error would likely be found harmless.

The exclusion of Silber's purported Medicare billing habits and practices does not present a close question that could go either way. Rule 404(b) expressly prohibits the introduction of character evidence in the form of "other acts" to show that a person acted in conformity therewith on a different occasion. The rule lists instances where such evidence is admissible but none was applicable to the circumstances of this case. The fact that Medicare did not investigate Silber's billing practices in the past simply was not relevant to whether he engaged in fraudulent billing during the time frame alleged in the indictment. And again, the substantial evidence of Silber's guilt, and the relatively low probative value of Silber's past interaction (or lack thereof) with Medicare, precludes a finding that the issue is "integral to the merits of the conviction." *Powell*, 778 F.2d at 1182.

Lastly, the Court agrees with the Government that the Sixth Circuit's decision in *United States v. Damra*, 621 F.3d 474, 502 (6th Cir. 2010) effectively disposes of Silber's final argument. In *Damra*, the Sixth Circuit stated, "where a district court presiding over a criminal tax-evasion case issues an instruction defining willfulness...the

4

good-faith requirement is effectively bundled into the willfulness instruction." *Id.* Although that case involved tax evasion, the reasoning applies with equal force here. The Court instructed the jury that the indictment charged that Silber acted knowingly and willfully. (4/1/10 Tr. 88). The Court instructed, "[t]he word willfully as that term is used in the Indictment and in these instructions means that the act was committed voluntarily and purposefully with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law." (*Id.*). The Sixth Circuit sanctioned a similar instruction in *Damra* and said, "a jury's conclusion that a defendant acted 'willfully' in this manner 'would necessarily negate any possibility' that the defendant acted in good faith." 621 F.3d at 502 (quoting *United States v. Tarwater*, 308 F.3d 494, 510 (6th Cir. 2002)). Therefore, the Court's ruling in this regard does not involve a close question.

### V. CONCLUSION

Silber's Motion for Bond Pending Appeal is **DENIED.**

**IT IS ORDERED.**

                                         /s/ Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated: January 24, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2011.

s/Linda Vertriest
Deputy Clerk